**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
REYNA E. GARCIA ROSALES,

                Plaintiff,

    -against-

SABOR LATINO – HEMPSTEAD DELI CORP, HEMPSTEAD SABOR LATINO DELI CORP., and RAMON DOMINGUEZ,

                Defendants.
-----------------------------------------------------------X

**22-cv-03996**

**COMPLAINT**

**PLAINTIFF DEMANDS TRIAL BY JURY**

Plaintiff, REYNA E. GARCIA ROSALES ("Plaintiff"), as and for her Complaint against Defendants, SABOR LATINO – HEMPSTEAD DELI CORP ("Sabor Latino"), HEMPSTEAD SABOR LATINO DELI CORP. ("Hempstead Sabor Latino"), and RAMON DOMINGUEZ ("Dominguez") (collectively, "Defendants"), respectfully alleges as follows:

## JURISDICTION AND VENUE

1. Plaintiff brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, Articles 6 and 19 of the New York Labor Law ("NYLL"), and Title 12, Part 146 of the New York Codes, Rules, and Regulations ("NYCRR"), to recover lost wages and other relief related to her employment with Defendants.

2. Jurisdiction over Plaintiff's FLSA claim is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

3. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claim that they form part of the same case or controversy.

1

4. Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

## PARTIES

5. Plaintiff is an adult female who resides in the State of New York.

6. Upon information and belief, Dominguez is an adult male who resides in the State of New York.

7. Upon information and belief, Sabor Latino is a domestic business corporation duly organized and existing under the laws of the State of New York.

8. Upon information and belief, Hempstead Sabor Latino is a domestic business corporation duly organized and existing under the laws of the State of New York.

9. Upon information and belief, Sabor Latino and Hempstead Sabor Latino maintain a principal place of business located at 142B Franklin Street, Hempstead, New York 11550.

## FACTS

10. Sabor Latino and Hempstead Sabor Latino own and operate a delicatessen known as the Sabor Latino Deli located at 142B Franklin Street, Hempstead, New York 11550.

11. Upon information and belief, Sabor Latino and Hempstead Sabor Latino's operations are interrelated and unified.

12. Upon information and belief, Sabor Latino and Hempstead Sabor Latino shared common management, were centrally controlled, and/or were owned by Dominguez.

13. Upon information and belief, at all relevant times, Sabor Latino and Hempstead Sabor Latino shared employees, equipment, and supplies.

14. Plaintiff is a former employee of the Sabor Latino Deli.

15. Upon information and belief, Sabor Latino and Hempstead Sabor Latino are part of a single integrated enterprise that jointly employed Plaintiff.

16. Upon information and belief, Sabor Latino and Hempstead Sabor Latino maintained control, oversight, and direction over Plaintiff, including timekeeping, payroll, and other employment practices applied to her during her employment at the Sabor Latino Deli.

17. Upon information and belief, at all relevant times, Dominguez was an owner, officer, director, shareholder, and/or managing agent of Sabor Latino and Hempstead Sabor Latino.

18. Upon information and belief, at all relevant times, Dominguez was the President of Sabor Latino and Hempstead Sabor Latino.

19. Upon information and belief, at all relevant times, Dominguez was the Chief Operating Office of Sabor Latino and Hempstead Sabor Latino.

20. Upon information and belief, at all relevant times, Dominguez participated in running the daily operations of Sabor Latino and Hempstead Sabor Latino.

21. At all relevant times, Dominguez participated in the management and supervision of Plaintiff and her work for Sabor Latino and Hempstead Sabor Latino and the Sabor Latino Deli.

22. Upon information and belief, at all relevant times, Dominguez exercised operational control over Sabor Latino and Hempstead Sabor Latino, controlled significant business functions of Sabor Latino and Hempstead Sabor Latino, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of Sabor Latino and Hempstead Sabor Latino in devising, directing, implementing, and supervising the wage and hour practices and policies relating to their employees, including Plaintiff.

23. As such, Sabor Latino, Hempstead Sabor Latino, and Dominguez are covered employers within the meaning of the FLSA and the NYLL, and, at all relevant times, jointly employed Plaintiff.

24. Defendants employed Plaintiff from in or about January 2015 until in or about November 2020.

25. Defendants employed Plaintiff as a food server and cashier for their benefit and at their direction.

26. Plaintiff's primary job duties included serving guests food and operating the cash register.

27. During Plaintiff's employment with Defendants, Plaintiff was not required to punch in or out of her daily shifts or to track her time worked in any other manner.

28. Upon information and belief, Defendants did not keep and maintain time records for the days and weeks that Plaintiff worked.

29. During the relevant period of Plaintiff's employment,[1] Plaintiff worked six (6) days per week with Mondays off. Each shift, Plaintiff worked from about 2:00 p.m. until about 11:00 p.m.

30. During this time, Plaintiff typically worked about fifty-four (54) hours a week.

31. Defendants paid Plaintiff a flat weekly rate of pay, regardless of the number of hours she worked.

32. Defendants paid Plaintiff in cash on a weekly basis.

33. Defendants did not pay Plaintiff overtime compensation for all hours worked in excess of forty (40) per week at a rate of one-and-one-half times her regular rate of pay.

---

[1] Plaintiff's relevant period of employment is from six (6) years prior to the filing of this Complaint until the end of her employment in or about November 2020.

34. Defendants failed to provide Plaintiff with a compliant wage notice at the time of her hiring, or any time thereafter, as required by NYLL § 195(1).

35. Defendants failed to provide Plaintiff with complete and accurate paystubs along with her weekly earnings, as required by NYLL § 195(3).

36. Dominguez hired Plaintiff.

37. Dominguez participated in the decision to fire Plaintiff.

38. Dominguez participated in deciding the job duties that Plaintiff performed.

39. Dominguez participated in the supervision of Plaintiff's job duties and responsibilities.

40. Dominguez participated in setting Plaintiff's work schedules.

41. Dominguez participated in deciding the hours that Plaintiff worked.

42. Dominguez participated in deciding the manner in which Plaintiff was paid.

43. Dominguez participated in deciding the compensation Plaintiff was paid.

44. Dominguez participated in running the day-to-day operations of Sabor Latino and Hempstead Sabor Latino during Plaintiff's employment at the Sabor Latino Deli.

45. Defendants managed Plaintiff's employment, including the amount of time she worked each week.

46. Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies.

47. Defendants were aware of Plaintiff's work hours but failed to pay her the proper wages to which she was entitled under the law.

48. Defendants' failure to pay proper wages in a timely manner has been made without good faith, willfully, and with a reckless disregard for Plaintiff's rights, and Plaintiff has been damaged by such failures.

### COUNT I
### VIOLATION OF THE FAIR LABOR STANDARDS ACT
### 29 U.S.C. § 201 *ET SEQ.*
### FAILURE TO COMPENSATE FOR OVERTIME

49. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

50. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

51. Defendants were and are subject to the overtime pay requirements of the FLSA because Sabor Latino and Hempstead Sabor Latino was a joint enterprise engaged in commerce or in the production of goods for commerce during the relevant years of Plaintiff's employment.

52. At all times relevant to this Complaint, Sabor Latino and Hempstead Sabor Latino had two (2) or more employees handle goods or materials that have moved in interstate commerce, including Plaintiff who worked as a food server and cashier and handled goods, food items, and currency that originated outside of the State of New York.

53. Upon information and belief, the gross annual volume of sales made or business done by Sabor Latino and Hempstead Sabor Latino, either individually or jointly, for each applicable year of Plaintiff's employment was not less than $500,000.00.

54. At all times relevant to this action, Plaintiff was entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq*.

6

55. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week.

56. By the above-alleged conduct, Defendants have violated the FLSA by failing to pay Plaintiff overtime compensation as required by the FLSA.

57. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

58. However, none of the Section 13 exemptions apply to Plaintiff because she did not meet the requirements for coverage under the exemptions during her employment.

59. Defendants acted willfully and either knew that their conduct violated the FLSA or showed a reckless disregard for the matter of whether their conduct violated the FLSA.

60. Defendants did not act in good faith with respect to the conduct alleged herein.

61. As a result of Defendants' violations of the FLSA, Plaintiff incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

## COUNT II
## VIOLATION OF THE NEW YORK LABOR LAW
## ARTICLE 6 AND 19
## FAILURE TO COMPENSATE FOR OVERTIME

62. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

63. At all times relevant to this Action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

64. At all times relevant to this Action, Defendants were "employers" of Plaintiff within the meaning of the NYLL and the supporting Regulations pertaining thereto.

65. At all times relevant to this Action, Sabor Latino and Hempstead Sabor Latino owned and operated the Sabor Latino Deli, which is a restaurant as defined by the regulations pertaining to the NYLL.

66. At all times relevant to this Action, Plaintiff was an "employee" of Defendants within the meaning of the NYLL and the supporting Regulations pertaining thereto.

67. At all times relevant to this Action, Plaintiff was an "employee" in the hospitality industry as defined by the regulations pertaining to the NYLL.

68. At all times relevant to this Action, Defendants employed Plaintiff by suffering or permitting her to work within the meaning of the NYLL and the supporting Regulations pertaining thereto.

69. The overtime wage provisions of Article 19 of the NYLL and its supporting Regulations apply to Defendants and protect Plaintiff.

70. Under New York law, an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week in the manner and methods provided by the FLSA. 12 N.Y.C.R.R. §§ 146-1.4.

71. By the above-alleged conduct, Defendants failed to pay Plaintiff overtime compensation as required by the New York Labor Law and the Regulations pertaining thereto.

72. By the above-alleged conduct, Defendants failed to pay Plaintiff overtime compensation for the time periods in which she worked in excess of forty (40) hours a week for Defendants.

73. Plaintiff was not exempt from the overtime provisions of the New York Labor Law during the relevant periods of her employment, because she did not meet the requirements for any of the exemptions available under New York law.

74. Defendants acted willfully and either knew that their conduct violated the New York Labor Law or showed a reckless disregard for the matter of whether their conduct violated the New York Labor Law.

75. Defendants did not act in good faith with respect to the conduct alleged herein.

76. As a result of Defendants' violations of the NYLL, Plaintiff incurred harm and loss in an amount to be determined at trial, in addition to liquidated damages, reasonable attorneys' fees, costs, and pre- and post-judgment interest.

### COUNT III
### VIOLATION OF THE NEW YORK LABOR LAW
### NYLL SECTION 195(1)
### FAILURE TO PROVIDE WAGE NOTICES

77. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

78. Defendants willfully failed to furnish Plaintiff with compliant wage notices during her employment, including the date of her hiring, as required by NYLL § 195(1), in English or in the language identified by the employee as his/her primary language, which were to contain, among other things, the employee's rate or rates of pay and basis thereof; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and the employee's regular hourly rates of pay and overtime rates of pay.

79. Through their knowing and intentional failure to provide Plaintiff with the wage notices required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq*. and the supporting Regulations.

80. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees provided by NYLL § 198(1-b).

## COUNT IV
## VIOLATION OF THE NEW YORK LABOR LAW
## NYLL SECTION 195(3)
## FAILURE TO PROVIDE WAGE STATEMENTS

81. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

82. Defendants willfully failed to provide Plaintiff with complete, accurate, and written wage statements with her wages each week as required by NYLL § 195(3), which were to include, among other things, the dates of work covered by each payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; deductions; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours worked and the number of overtime hours worked.

83. Through their knowing and intentional failure to provide Plaintiff with accurate wage statements required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq*. and the supporting Regulations.

84. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees as provided by NYLL § 198(1-d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, by and through her attorneys, THE NHG LAW GROUP, P.C., demands judgment against Defendants and in favor of Plaintiff for a sum that will properly, adequately, and completely compensate Plaintiff for the nature, extent, and duration of the damages, costs of this action, and as follows:

A. Declare and find that Defendants committed one or more of the following acts:

        1.      Willfully violated provisions of the FLSA by failing to pay Plaintiff overtime compensation;

        2.      Willfully violated the provisions of the NYLL by failing to pay Plaintiff overtime compensation;

        3.      Willfully violated the provisions of the NYLL by failing to provide Plaintiff with wage notices and wage statements;

B.      Award compensatory damages, including all wages owed, in an amount according to proof;

C.      Award liquidated damages under the NYLL, or alternatively the FLSA;

D.      Award statutory damages under the NYLL;

E.      Award interest on all NYLL wages due accruing from the date such amounts were due;

F.      Award all costs and attorneys' fees incurred in prosecuting this action; and

G.      Provide such further relief as the Court deems just and equitable.

Dated: Massapequa, New York
July 7, 2022

                                THE NHG LAW GROUP, P.C.

                                By: Keith E. Williams, Esq.
*Attorneys for the Plaintiff*
4242 Merrick Road
Massapequa, New York 11758
Tel: 516.228.5100
keith@nhglaw.com